IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| PLENTYOFFISH MEDIA, INC., | )<br>)<br>) |
| Plaintiff, | )<br>)  CIVIL ACTION NO.: 1:09CV1152 TSE/TRJ |
| vs. | )<br>) |
| ANH TRAN, | )  DEFENDANT TRAN'S MEMORANDUM<br>)  OF LAW IN SUPPORT OF DEFENDANT<br>)  TRAN'S MOTION TO DISMISS<br>)  PURSUANT TO FRCP 12(b)(6) |
| Defendant. | )<br>)<br>) |

**DEFENDANT TRAN'S MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT TRAN'S MOTION TO DISMISS**

COMES NOW Defendant ANH TRAN ("Tran"), by and through the undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6), and hereby submits the following Memorandum of Law in Support of Defendant Tran's Motion to Dismiss Counts I, II, III, IV, V, and VI of Plaintiff PLENTYOFFISH MEDIA, INC.'s ("Plaintiff") Complaint for failure to state a claim.

**I. Introduction**

Tran is the registrant of the Internet domain names freedatingfish.com, freedatingsingles.info, and freedatingpersonalss.info. Tran also owns and operates dating websites at those domain names.

Following Plaintiff's failed attempt to take the "freedatingfish.com" from Tran through an action under the Uniform Domain Name Dispute Resolution Policy ("UDRP"), Plaintiff is now testing its luck with this Court.

Tran has been sued for trademark infringement by Plaintiff pursuant to Plaintiff's alleged

Federal Reg. Nos. 3,251,639 ("PLENTYOFFISH"), 3,251,640 ("POF"), and 3,302,508 ("PLENTY OF FISH"). Specifically, Plaintiff alleges that Tran infringed and infringes on its purported trademarks by registering the domain name freedatingfish.com and operating a dating website at that domain. Plaintiff further alleges that Tran violates its purported trademarks by operating websites at freedatingsingles.info and freedatingpersonalss.info.

Plaintiff has not alleged and cannot allege that Tran's Internet sites utilize Plaintiff's mark. Even a cursory inspection of the "plentyoffish.com" and "freedatingfish.com" domain names shows that, with the exception of advertisements placed by Google upon Plaintiff's request, the terms "PLENTYOFFISH" and/or "POF" are not present. Of note is that although Plaintiff speciously claims that "plentyoffish.com" and "freedatingfish.com" are confusingly similar, Plaintiff has failed to allege at least one specific instance where such confusion has occurred.

The gravamen of Plaintiff's claim appears to be a claim to the use of the work "fish" for dating purposes. Said claim must fail as the word "fish" is clearly a generic term that is utilized for many purposes, from ocean creatures to dating. In the dating context, the term fish is utilized by many entities, including the operators of various Internet sites, as well as in the common vernacular in the phrase "there are plenty of fish in the sea".

In essence, Plaintiff's Complaint requests that this Court declare Plaintiff as the exclusive owner of the term "fish," at least in the context of dating. There is no set of facts that Plaintiff can advance in order to make this claim plausible.

**II. Standard of Review**

Tran's Motion to Dismiss is evaluated under well-established principles. A Fed. R. Civ. P. 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 281 (E.D. Va. 1995), *aff'd* 103 F. 3d 351 (4th Cir. 1996). A

complaint is to be liberally construed in factor of the plaintiff (*Ford v. Torres*, 2009 U.S. Dist. LEXIS 57245 at 8 (E.D. Va. March 3, 2009), but must contain sufficient facts to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-1965 (2007). A plaintiff is obliged to provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice. *Id.* The court is not required to accept as true a legal conclusion framed as a factual allegation. See *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

**III. <u>Argument</u>**

**A. Plaintiff Has Failed To State a Claim For Trademark Infringement of a Federally Registered Trademark Under 15 U.S.C. § 1114(a) and Under 15 U.S.C. § 1125(a)**

In Counts I and II of its Complaint, Plaintiff alleges that Tran violated its purported marks by using a "confusingly similar" mark in a "service... so related" to Plaintiff's service (i.e., online dating). However, Plaintiff's Complaint does not contain sufficient facts to state a claim for trademark infringement. Plaintiff has not alleged and cannot allege that the Tran utilizes its mark on Tran's Internet site nor that any specific customer has been confusingly diverted from Plaintiff's "plentyoffish.com" to Tran's "freedatingfish.com".

Tran's website at freedatingfish.com ("Website") does not purposely display the alleged mark "plentyoffish" anywhere in its content or its source code. *See* Defendant Tran's Declaration In Support of Defendant Tran's Motion to Dismiss ("Declaration"), attached hereto and made a part thereof as Exhibit 1. The only instance in which the alleged mark "plentyoffish" appeared on the Website was due to Plaintiff placing the mark there.

Upon information and belief, Plaintiff participates in the Google Adwords program, wherein Google places advertisements of its customers (including Plaintiff) on various Internet sites,

3

including the Website. *See* Exhibit 3 of the Declaration. Tran has no control over whether the Google algorithm chooses to display Plaintiff's ad on the Website. However, Plaintiff can choose which websites it wants its advertisements (and its alleged mark) to appear or not to appear. Therefore, Plaintiff could have removed its alleged mark from appearing on the Website, had it chosen to do so. Plaintiff disingenuously claims that its own placement of the mark on Tran's website, through Google's advertising services can be imputed to Tran.

Upon information and belief, the "confusingly similar" mark in question appears to be Tran's domain name freedatingfish.com. However, the only word that freedatingfish.com and Plaintiff's alleged marks have in common is "fish." Even a cursory visual inspection of the terms "plentyoffish" and "freedatingfish" shows the phrases are so distinct that customer confusion is not logically possible. Perhaps this is the reason behind Plaintiff's failure to allege any specific single act of customer confusion.

Therefore, Plaintiff's chances of success depend exclusively on the Court giving Plaintiff exclusive rights over the use of the word "fish," a word that Plaintiff has obviously not registered. In fact, claiming exclusive rights to this generic word would be patently illogical.

Apparently, Plaintiff seems eager to to claim the exclusive use of the word "fish" in the context of online dating. However, given the common use of the word to refer to dating singles as well as the large amount of validly registered trademarks and Internet sites that have used and continue to use the term "fish," such a claim is not plausible on its face.

Plaintiff's alleged marks are merely descriptive of what Plaintiff's business is. The saying "plenty of fish," and variations thereof such as "there are plenty of fish in the sea," has been used in common parlance for hundreds of years all over the world. The term refers to the fact that there are many potential mates in the world. *See* Exhibit 4 of the Declaration. Therefore, the

"fish" being referred to in this idiom are actually potential mates (i.e., people to date). This is commonly recognized in the world of dating, and there are many dating websites that use the word "fish" as part of their domain or part of their marketing. The correlation between the words "dating" and "fish" makes logical sense in view of the common idiom.

A simple Internet search for the terms "fish" and "dating" results in over 30 million results, including many dating websites. Furthermore, in the United States alone, there are many registered marks in the dating arena that use the word "fish" or a picture of fish to refer to online dating. Examples include the marks "Funky Fish," "Fish in the Sea," "FishDating," "MeetFish," "Lawfish," "A Great Catch Christian Dating Service," and "PlentyMoreFish." *See* attached Exhibit 2.

Since the word "fish" as it refers to dating has clearly become generic, Plaintiff cannot possibly have an exclusive right to the use of the word "fish" as it relates to dating. *See, e.g., Ale House Management, Inc. v. Raleigh Ale House, Inc.*, 205 F.3d 137 (4th Cir. 2000) (where the 4th Circuit held that the term "ale house" was a generic term for a facility that serves beer and ale, so plaintiff could have no trademark rights in the term). Thus, for the above reasons, Plaintiff cannot present any set of facts with which to make a plausible claim that Tran's domain name freedatingfish.com is confusingly similar to Plaintiff's alleged marks.

**B. Plaintiff Has Failed To State a Claim For Dilution Under 15 U.S.C. § 1125(c)**

In Counts III and IV of its Complaint, Plaintiff alleges that Tran has diluted its purported mark by blurring and tarnishment under 15 U.S.C. § 1125(c). However, one of the primary requirements of 15 U.S.C. § 1125(c)(1) is that the mark being infringed must be "famous," and that the mark must be famous before the alleged acts constituting dilution occur. In order to constitute "famous" marks, Plaintiff's marks must first be entitled to protection. As discussed

*supra*, the term "plenty of fish" is a generic phrase and idiom commonly used in the realm of dating, including online dating. Thus, Plaintiff's "plentyoffish" and "plenty of fish" marks are clearly generic and are not entitled to any protection.

Even assuming, *arguendo*, that Plaintiff's mark is entitled to protection, pursuant to 15 U.S.C. § 1125(c)(2), "a mark is famous if it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." Plaintiff is thus alleging that its mark is so famous that it is known and associated by the public with its dating website, which is a disingenuous claim that Plaintiff cannot plausibly present facts to support. Plaintiff's mark clearly does not rise to the level of fame of marks like "Coca Cola," "McDonald's," or "Chevrolet." Furthermore, as discussed *supra*, the Website does not use Plaintiff's alleged marks in the content or source code of the Website, and the only word that the freedatingfish.com domain name has in common with Plaintiff's alleged marks is the word "fish." As previously discussed, Plaintiff has not and cannot present any facts to claim that Tran is utilizing its mark in a matter that creates customer confusion. Thus, Plaintiff's Complaint does not contain sufficient facts to state a claim for dilution of a famous mark.

**C. Plaintiff Has Failed To State a Claim For Cybersquatting Under 15 U.S.C. § 1125(d)**

As correctly decided by WIPO, Plaintiff's Complaint does not contain sufficient facts to state a claim for cybersquatting. A true copy of the WIPO decision regarding the "freedatingfish.com" domain name is attached and incorporated hereto as Exhibit 3.

As discussed *supra*, Tran's freedatingfish.com domain is not identical to Plaintiff's alleged marks, nor is it confusingly similar to "plentyoffish," "plenty of fish," or "pof." Again, the only word that Tran's domain and Plaintiff's marks have in common is "fish," and the terms "plenty of fish" and "fish" in the context of dating are generic. Plaintiff therefore does not, and cannot,

have a sole and exclusive right to prevent anyone from using the generic word "fish" as it pertains to dating.

Furthermore, cybersquatting requires "bad faith" on the part of defendant. However, neither the registration nor the use of the freedatingfish.com domain name was done in bad faith. Tran registered the domain and currently uses the domain to offer bona fide services, i.e., online dating services. As discussed earlier, the Website does not use Plaintiff's alleged marks anywhere in the Website content or source code, and any appearance by Plaintiff's alleged marks in the Website's Google advertisements is beyond the control of Tran but well within the control of Plaintiff. No visitor to the Website mistakenly thinks that they are at Plaintiff's website, and Plaintiff has offered no set of facts evidencing actual confusion by customers because there is none.

Thus, Plaintiff has failed to present and support a claim of cybersquatting.

**D. Plaintiff Has Failed To State a Claim For Fraudulent Acts Under the Virginia Consumer Protection Act of 1977, Va. Code § 59.1-200(A)**

In Count VI of its Complaint, Plaintiff alleges that Tran violated the Virginia Consumer Protection Act of 1977, Va. Code § 59.1-200(A). Although "consumer misrepresentation does not require the same specificity as common law fraud," Plaintiff must nonetheless indicate what misrepresentation was made. *Debrew v. Lexus*, 1997 WL 1070613, *3 (Va.Cir.Ct. 1997), attached as Exhibit 4. In *Debrew*, plaintiff alleged a violation of the Virginia Consumer Protection Act but did not provide any facts to support the allegation; the court sustained defendant's demurrer, holding "it is unclear from [plaintiff's complaint] what misrepresentation was made." *Id.* Similarly, in this case, Plaintiff has failed to allege any facts supporting Plaintiff's legal conclusion that Tran misrepresented the source or affiliation of the Website. Instead, Plaintiff merely cites the statute. Again, the Court is not required to accept legal

conclusions framed as factual allegations. *Papasan,* 478 U.S. 265. Instead, it is clear that Tran did not use Plaintiff's alleged marks in the Website content or source code. Therefore, Plaintiff has failed to state a claim under the Virginia Consumer Protection Act, and so Count VI of the Complaint should be dismissed.

WHEREFORE, in consideration of the foregoing, and for such reasons as may be advanced during oral argument if permitted, Defendant Anh Tran, by the undersigned counsel, respectfully requests that this Court enter an Order dismissing Counts I, II, III, IV, V, and VI of Plaintiff's Complaint, and for such further relief as is appropriate.

Dated: November 16, 2009                ANH TRAN


_____/s/_____
Domingo J. Rivera, Esq. (VSB # 71407)
*Domingo J. Rivera, Attorney at Law, PLC*
11551 Nuckols Road, Suite N
Glen Allen, VA 23059
Phone: (804) 332-6585
Fax:    (866) 651-2004
djr@cyberinternetlawyer.com
<u>Counsel for Defendant Anh Tran</u>

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of November, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:


Thomas M. Dunlap, Esq. (VSB #44016)
David Ludwig, Esq. (VSB #73157)
*Dunlap, Grubb & Weaver, PLLC*
199 Liberty Street, SW
Leesburg, VA 20175
Phone: (703) 777-7319
Fax: (703) 777-3656
dludwig@dglegal.com
*Counsel for Plaintiff Plentyoffish Media, Inc.*

Christopher Hall, Esq.
*Christopher Hall & Associates*
1848 N. Mohawk Street
Suite 2
Chicago, IL 60614

*Counsel for Plaintiff Plentyoffish Media, Inc.*


                                                 /s/
                                    Domingo J. Rivera, Esq. (VSB # 71407)
                                    *Domingo J. Rivera, Attorney at Law, PLC*
                                    11551 Nuckols Road, Suite N
                                    Glen Allen, VA 23059
                                    Phone: (804) 332-6585
                                    Fax:  (866) 651-2004
                                    djr@cyberinternetlawyer.com
                                    *Counsel for Defendant Anh Tran*